IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SHANNON GIFFORD, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>DR PIZZA, INC. and DAVID KEARNS,<br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR FLSA CONDITIONAL CERTIFICATION AND NOTICE TO POTENTIAL PLAINTIFFS<br><br>Case No. 2:22-cv-00707-TS<br><br>Judge Ted Stewart |

This matter comes before the Court on Plaintiff Shannon Gifford's Motion for FLSA Conditional Certification and Notice to Potential Plaintiffs[1] and Defendants' Objection to Plaintiff's Notice of Filing Additional Consent.[2] For the reasons discussed herein, the Court will grant the Motion and overrule the Objection.

I. BACKGROUND

Plaintiff sues Defendants Dr. Pizza, Inc. ("Dr. Pizza") and David Kearns for violations of the Fair Labor Standards Act ("FLSA") and seeks collective action certification for other plaintiffs similarly situated.[3] Defendant Dr. Pizza operates Domino's Pizza franchise stores in Utah, Nevada, and Arizona.[4] Defendant David Kearns is the owner and operator and director of

---

[1] Docket No. 24.

[2] Docket No. 35.

[3] *See* 29 U.S.C. § 216(b).

[4] Docket No. 1 ¶¶ 5, 8; Docket No. 24, at 1.

1

Dr. Pizza and served as officer of the entity.[5] Plaintiff alleges she was employed by Defendants from May 2020 to October 2021 as a delivery driver at Defendants' Domino's Pizza store in Roosevelt, Utah.[6] "Plaintiff alleges that she and other similarly situated current and former delivery drivers were illegally denied lawful minimum wage rates because they were not properly reimbursed for all required expenditures."[7] Specifically, Plaintiff asserts that Defendants have failed to approximate automobile-related expenses to the extent that drivers' wages fell below the federally mandated minimum wage of $7.25.[8]

Plaintiff seeks an Order from the Court for conditional class certification authorizing notice to be sent to a class of similarly situated employees, limited to delivery drivers employed by Defendants during the previous three years.[9] After filing this Motion, but before the Court had ruled, Plaintiff filed a Notice of Filing Additional Consent Form for Jonathan Lewis as a party plaintiff,[10] to which Defendant objected.[11]

## II. DISCUSSION

Under 29 U.S.C. § 206, employers are required to pay employees engaged in commerce the federal minimum wage. The FLSA provides that an action for violation of the Act "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."[12] "Thus, pursuant to § 216(b), plaintiffs

---

[5] Docket No. 1 ¶¶ 6, 9.

[6] *Id.* ¶ 7.

[7] Docket No. 24, at 1.

[8] *Id.* at 3.

[9] *Id.*

[10] Docket No. 28.

[11] Docket No. 35.

[12] 29 U.S.C. § 216(b).

who are 'similarly situated' may opt-in to an action by affirmatively notifying the court of their intention to become parties to the suit."[13]

The Tenth Circuit has accepted a two-step or *ad hoc* certification approach to determine whether plaintiffs are "similarly situated" under the FLSA.[14] "In utilizing this approach, a court typically makes an initial 'notice stage' determination of whether plaintiffs are 'similarly situated.'"[15] Under this first step, a court "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."[16] "[A]fter discovery, the court makes a second, stricter similarly-situated determination."[17]

Plaintiff asserts that the putative class members are "similarly situated" for purposes of § 216(b) in that they each: (1) were employed by Defendants as delivery drivers; (2) were required by Defendants to provide their own vehicles for the delivery work; (3) were subjected to the same policies of Defendants, including being paid the same minimum wage rate; (4) incurred costs for gasoline, vehicle parts and fluids, repairs, maintenance services, insurance, depreciation, and other expenses while delivering pizza for Defendants; (5) were subjected to the same reimbursement policy by Defendants; and (6) were not reimbursed by Defendants for actual vehicle expenses or at the IRS standard business mileage rate.[18]

---

[13] *Pack v. Investools, Inc.*, No. 2:09-cv-1042 TS, 2011 WL 3651135, at *2 (D. Utah Aug. 18, 2011).

[14] *Thiessen v. Gen. Elec. Cap. Corp*, 267 F.3d 1095, 1105 (10th Cir. 2001) ("[T]he *ad hoc* approach is the best of the three approaches [ ] because it is not tied to the Rule 23 standards. . . . We find no error on the part of the district court in adopting the *ad hoc* approach.").

[15] *Id.* at 1102 (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)).

[16] *Id.* (internal quotation marks and citation omitted).

[17] *In re Chipotle Mexican Grill, Inc.*, No. 17-1028, 2017 WL 4054144, at *1 (10th Cir. Mar. 27, 2017).

[18] Docket No. 24, at 4–6.

Plaintiff's argument is supported by decisions of multiple district courts that have considered and granted similar motions for conditional collective action certification under the FLSA brought by plaintiff delivery drivers against defendant pizza companies for minimum wage violations.[19] The Court finds that Plaintiff's allegations are sufficient to establish the putative class is similarly situated. Accordingly, the Court will conditionally certify the following class as proposed by Plaintiff: Delivery drivers employed by Defendants Dr. Pizza, Inc. d/b/a "Dominos Pizza" between December 4, 2020, and the present.

Plaintiff may therefore disseminate notice and consent forms to potential class members. Plaintiff submitted proposed notice and consent forms for the Court's review and approval.[20] Defendants do not object to the form or substance of the proposed forms. "Under the FLSA, the Court has the power and duty to ensure fair and accurate notice, but it should not alter plaintiffs'

---

[19] *See e.g., West v. BAM! Pizza Mgmt., Inc.*, No. 1:22-cv-00209-DHU-JHR, 2023 WL 346309, at *3 (D. N.M. Jan. 30, 2023) (granting conditional certification under the FLSA based on substantially the same allegations in the present case); *Darrow v. WKRP Mgmt., LLC*, No. 09-cv-1632-CMA-BNB, 2012 WL 638119, at *2 (D. Colo. Feb 28, 2012) (granting conditional certification as a collective action under § 216(b) of the FLSA with a class consisting of all persons employed by the defendants as delivery drivers during the last three years); *Smith v. Pizza Hut, Inc.*, No. 09-cv-1632, 2012 WL 1414325, at *5 (D. Colo. Apr. 21, 2012) (granting conditional certification under FLSA where plaintiffs alleged that the "members of the proposed class held the same job, shared the same job duties, were paid at or near the minimum wage, incurred automobile costs in delivering pizzas, and were reimbursed by [the d]efendant pursuant to the same flat per delivery system."); *Wass v. NPC Int'l., Inc.*, No. 09-cv-2254-JWL, 2011 WL 1118774, at *7 (D. Kan. Mar. 28, 2011) (granting conditional class certification under the FLSA where "plaintiffs have alleged the drivers were paid at or near the federal minimum wage and that the under-reimbursements were of a magnitude sufficient to reduce drivers' wage rates below the minimum wage."); *Bass v. PJCOMN Acquisition Corp.*, No. 09-cv-1614-REB-MEH, 2010 WL 3720217, at *2 (D. Colo. Sept. 15, 2010) (granting conditional certification under the FLSA and finding that plaintiffs alleged that delivery drivers employed by the defendants were generally subject to policies that resulted in the payment of wages to drivers at a rate lower than required by the FLSA and that the putative class members were victims of a single decision, policy, or plan).

[20] Docket No. 24-1.

proposed notice unless such alteration is necessary."[21] Having reviewed Plaintiff's proposed notice and consent forms, the Court will grant Plaintiff's request and approve the proposed forms for dissemination. Further, Plaintiff seeks a ninety-day opt-in period[22] to which Defendants do not object. The Court finds this request reasonable[23] and will grant the request. A consent to join that is postmarked on the deadline is considered timely if received within five business days of the deadline. Plaintiff is ordered to file any consent forms within ten days of the deadline.

Plaintiff seeks an order requiring Defendants "to disclose the names, last known addresses, email addresses, and telephone numbers of [p]otential [p]laintiffs" in usable electric form.[24] Defendants do not object. The Court will therefore grant the request and order Defendants to provide the information as outlined above within fourteen days of this Order.

Finally, Plaintiff seeks an order allowing the notice and consent forms to be sent to class members by traditional and modern electric means and an order requiring Defendants to post the notice and consent forms in its facilities in an area readily and routinely available for review by potential class members.[25] Defendants do not object. The Court will grant the request to send the notice as requested. As to the request for posting the notice and consent forms at each of Defendants' locations, the Court will also grant this request. Defendants do not object to the

---

[21] *Lewis v. ASAP Land Express, Inc.*, No. 07-CV-2226-KHV, 2008 WL 2152049, at *2 (D. Kan. May 21, 2008).

[22] Docket No. 24, at 12.

[23] *Darrow*, 2012 WL 638119, at *7 ("The Court agrees with [p]laintiffs that ninety days is reasonable given the potential difficulties inherent in contacting delivery drivers across several states, many of whom may no longer be employed by [d]efendants."); *Wass*, 2011 WL 1118774, at *11 ("[T]he Court agrees with plaintiffs that 90 days represents a reasonable period in which to attempt to contact (and repeat efforts to contact, when necessary) potential class members.").

[24] Docket No. 24, at 12.

[25] *Id.* at 13.

5

request and do not allege any specific allegations to show they would suffer harm as a result of posting the forms in their restaurants.[26]

Defendants argue that Plaintiff's claim is barred by the statute of limitations under the FLSA. Under 29 U.S.C. § 255(a), a FLSA claim is subject to a two-year statute of limitations. However, "willful violations" are subject to a three-year statute of limitations.[27] Defendants assert that Plaintiff's employment dates are different than she alleges in her Complaint, that Plaintiff has failed to allege willful violation and, accordingly, the statute of limitations has run. During the second stage analysis of certification, a court may review "the various defenses available to defendant."[28] As the parties do not dispute that the pending motion is at the first stage of the certification inquiry, and the parties have not engaged in discovery on the merits of Plaintiff's claim, the Court concludes that any ruling on the merits of the Plaintiff's claim at this time would be premature and declines to do so.[29]

Finally, the Court turns to the Notice of Filing Additional Consent Form[30] filed by Plaintiff on October 3, 2023. Defendants objected to the Notice and ask the Court to "reject" it, arguing that it is both untimely as it was issued before the Court issued a ruling on the Motion for FLSA Conditional Certification, and it lacks sufficient allegations to demonstrate that

---

[26] *See Guarriello v. Asnani*, 517 F. Supp. 3d 1164, 1176 (D. N.M. 2021).

[27] 29 U.S.C. § 255(a).

[28] *Thiessen*, 267 F.3d at 1102–1103.

[29] *See Schockey v. Huhtamaki, Inc.*, 730 F. Supp. 2d 1298, 1305 (D. Kan. 2010) ("The parties have not yet engaged in discovery on the merits of plaintiffs' claim, and the Court is not in a position to rule on the merits of plaintiffs' FLSA claim at this time."); *Gieseke v. First Horizon Home Loan Corp.*, 408 F. Supp. 2d 1164, 1166 (D. Kan. 2006) (concluding that "in making the [notice stage] determination, the court does not reach the merits of the plaintiff's claims.") (citation omitted).

[30] Docket No. 28.

Plaintiff and opt-in plaintiff, Jonathan Lewis, are similarly situated.[31] Defendants do not support its contention that Plaintiff is required to provide information about whether Mr. Lewis and Plaintiff are similarly situated when filing an opt-in consent form with the Court. It appears likely that Defendants have access to that information via their employment records and, if not, they would be provided any such information via discovery. The Defendants could then object to the inclusion of Mr. Lewis at the second stage of certification if they so choose. The Court therefore does not find this argument persuasive.

While the FLSA does not provide specific guidance on the timing of when a plaintiff may opt-in to a collective action, it follows from the language of the 29 U.S.C. § 216(b) and case law that consent is more appropriately filed *after* the Court has conditionally certified the case for collective action. However, given that the Court has now granted the Motion for Conditional Certification, the Court declines to strike or "reject" the Notice.

---

[31] Docket No. 35, at 2.

## III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for FLSA Conditional Certification and Notice to Potential Plaintiffs (Docket No. 24) is GRANTED. It is further

ORDERED that the parties' Joint Motion for Leave to Appear Remotely (Docket No. 32) is DENIED as moot. It is further

ORDERED that Defendant's Objection to Plaintiff's Notice of Filing Additional Consent (Docket No. 35) is OVERRULED.

DATED December 4, 2023.

BY THE COURT:

_____
TED STEWART
United States District Judge