IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SHANNON GIFFORD, individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br>v.<br>DR PIZZA, INC., and DAVID KEARNS,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>Case No. 2:22-cv-00707-TS-JCB<br><br>Judge Ted Stewart<br>Magistrate Judge Jared C. Bennett |

This matter is before the Court on Defendants' Motion for Summary Judgment.[1] For the reasons discussed herein, the Court will grant the Motion.

I. BACKGROUND

In November 2022, Plaintiff Shannon Gifford filed suit against Defendants on behalf of herself and similarly situated delivery drivers alleging violations of the Fair Labor Standards Act ("FLSA").[2] Defendant DR Pizza, Inc. operates Domino's franchise stores in Utah, Nevada, and Arizona.[3] Defendant David Kearns is the owner, operator, and director of DR Pizza, and also served as an officer of the entity.[4] Ms. Gifford previously worked as a pizza delivery driver at the Roosevelt, Utah Domino's store that is owned and operated by DR Pizza. In her Complaint, Ms. Gifford alleges that Defendants reimbursed delivery drivers less than the reasonably

---

[1] Docket No. 70.

[2] 29 U.S.C. §§ 201 *et seq.*; Docket No. 1.

[3] Docket No. 1 ¶¶ 5, 8.

[4] *Id.* at ¶¶ 6, 9.

approximate amount of their automobile expenses to such an extent that it diminished the drivers' wages beneath the federal minimum wage in violation of the FLSA.[5] Ms. Gifford seeks to recover—on behalf of herself and others similarly situated—the difference between her actual wage, with the cost of her vehicle-related expenses deducted, and the legally required minimum wage under the FLSA.

In August 2023, Ms. Gifford filed a Motion for FLSA Conditional Certification and Notice to Potential Plaintiffs.[6] The Court granted the motion and conditionally certified "Delivery drivers employed by Defendants DR Pizza, Inc. d/b/a/ 'Domino's Pizza' between December 4, 2020, and the present."[7] The Court permitted Plaintiff to disseminate notice and consent forms to potential class members and ordered Defendants to provide names, addresses, email address, and telephone numbers of potential plaintiffs to Ms. Gifford.[8] Subsequently, Ms. Gifford filed Notices of Consent Forms for approximately 47 opt-in Plaintiffs.

During discovery, the parties agreed to provide a questionnaire to all Plaintiffs.[9] The questionnaire included questions specifically related to mileage driven, mileage reimbursement rates, and vehicle expenses incurred while working as pizza delivery drivers for Defendants.[10] One-third of plaintiffs returned the questionnaires.[11] After multiple extensions, fact discovery closed on January 24, 2025.[12]

---

[5] *Id.* ¶ 43.
[6] Docket No. 24.
[7] *Id.* at 4.
[8] *Id.* at 4–5.
[9] Docket No. 70, at 18.
[10] *Id.*
[11] *Id.* ¶ 7.
[12] Docket No. 68.

On February 24, 2025, Defendants filed their Motion for Summary Judgment. Plaintiffs in turn filed a response and included three new declarations by opt-in employees. These declarations were provided by Matthew Antillon, Bryce Sweitzer, and Lexi Thacker, each of whom did not previously return a questionnaire to Defendants. Defendants object to admission of the declarations, arguing that the documents should be excluded under Federal Rule of Civil Procedure 37(c)(1). Having fully reviewed the parties' briefing and finding that oral argument would not be materially helpful,[13] the Court now rules on the Motion for Summary Judgment.

## II. LEGAL STANDARD

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[14] In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[15] "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim."[16] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[17]

"The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact."[18] "Such a movant may make its prima facie

---

[13] *See* DUCivR 7-1(g).

[14] Fed. R. Civ. P. 56(a).

[15] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[16] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[17] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[18] *Adler*, 144 F.3d at 670–71.

demonstration simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim."[19] Once a movant has carried its initial burden, "the burden shifts to the nonmovant to go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[20]

### III. DISCUSSION

Before addressing the Motion for Summary Judgment, the Court must first address the three declarations attached as exhibits to Plaintiff's Response to the Motion for Summary Judgment.[21]

Federal Rule of Civil Procedure 26(a)(1)(iii) requires a party to provide "a computation of each category of damages claimed by the disclosing party." Rule 26(e) requires "a party who has made a disclosure under Rule 26(a) . . . [to] supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Defendants assert in their Reply that the declarations should be excluded under Federal Rule of Civil Procedure 37(c). Rule 37(c) states

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

---

[19] *Id.* at 671; *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[20] *Adler*, 144 F.3d at 671 (quoting Fed. R. Civ. P. 56(e)).

[21] Docket Nos. 75-2, 75-3, and 75-4.

4

"A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose."[22] The Tenth Circuit has provided the following factors to "guide the court's discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[23] The Tenth Circuit has cautioned, "where the exclusion of evidence under Rule 37(c)(1) has the necessary effect of a dismissal . . . district courts should, in conjunction with the traditional *Woodworker's* inquiry, carefully explore and consider the efficacy of less drastic alternatives, ordinarily reserving the extreme sanction of dismissal for cases involving bad faith or willfulness or instances where less severe sanctions would obviously prove futile."[24]

First, Plaintiffs argue that there is no prejudice because Defendants have had the information necessary to calculate Plaintiffs' damages since the case began from the questionnaires provided by the other Plaintiffs.[25] Defendants argue that they are prejudiced by admission because Plaintiffs delayed disclosing their claimed damages until summary judgment proceedings depriving them of the opportunity to depose those Plaintiffs and "evaluate the factual underpinnings through expert rebuttal or targeted discovery."[26] The Court finds that by withholding this information, Plaintiffs prejudiced Defendants in their ability to conduct

---

[22] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

[23] *Id.*

[24] *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1205 (10th Cir. 2017); *Gillum v. United States*, 309 F. App'x 267, 269 (10th Cir. 2009).

[25] Docket No. 74, at 16.

[26] Docket No. 84, at 10.

discovery,[27] and participate in the litigation. The Court concludes that this factor weighs in favor of exclusion.

Next, Defendants argue that the prejudice cannot be cured because it would require reopening discovery, which they consider a waste of judicial economy and attorney's fees.[28] Fact discovery closed on January 24, 2025, after a number of extensions. The Court does not find that the prejudice can be cured here, largely because Plaintiffs do not appear to have adequately participated in discovery before it closed. Plaintiffs only returned one-third of the discovery questionnaires and from what the Court can discern, only provided a computation showing sub-minimum wage and damages after Defendants filed their Motion for Summary Judgment. Defendants previously sought to obtain the information contained in the declarations during their First Set of Discovery Requests in May 2024.[29] Furthermore, Plaintiffs do not volunteer to cure any prejudice to Defendants or address this factor at all. For these reasons, the Court finds that this factor weighs in favor of exclusion.

Plaintiffs assert that "this information will not disrupt the trial setting."[30] Defendants argue that the introduction of the new information from the declarations "destabilizes pretrial planning and briefing" in that they would have prepared for trial differently, conducted briefing differently, and engaged in mediation differently if this information had been disclosed during discovery.[31] There is currently no trial date set in this matter. Courts largely agree that when no

---

[27] *See Kern River Gas Transmission Co. v. 6.17 Acres of Land,* 156 F. App'x 96, 102 (10th Cir. 2005).

[28] Docket No. 84, at 11.

[29] *Id.* at 9.

[30] Docket No. 74, at 16.

[31] Docket No. 84, at 11.

trial date is set, newly disclosed information does not cause a significant enough delay to disrupt the trial.[32] While the Court finds that Plaintiffs' newly disclosed declarations have disrupted the litigation in this matter, it cannot conclude that it has disrupted the trial. Therefore, the Court finds that this favor weighs against exclusion.

Finally, the Tenth Circuit "define[s] a willful failure as 'any intentional failure as distinguished from involuntary noncompliance.'"[33] Defendants argue that Plaintiffs were in possession of this information well within the period for fact discovery and failing to disclose this evidence suggests bad faith.[34] Plaintiffs simply assert that they are not acting in bad faith. However, Plaintiffs fail to provide any explanation for their failure to disclose their damages computation prior to the close of discovery.[35] Accordingly, the Court finds that Plaintiffs' failure to disclose this information was willful and concludes that this factor weighs in favor of exclusion.

The Court finds that prejudice, willfulness, and curability weigh in favor of exclusion, but that disruption weighs against it. Based on these factors, Plaintiffs' failure to disclose the declarations was not substantially justified or harmless; and accordingly, the Court will exclude the evidence under Rule 37.

The Court next turns to Defendants' Motion for Summary Judgment. To prove a minimum-wage violation under the FLSA, a plaintiff must establish that (1) she was an

---

[32] *See e.g. SME Steel Contractors, Inc. v. Seismic Bracing Co., LLC*, 681 F. Supp. 3d 1181, 1232 (D. Utah 2023); *Ngatuvai v. Lifetime Fitness, Inc.*, No. 2:16-cv-39-JNP-DBP, 2020 WL 13430478, at *4 (D. Utah May 26, 2020).

[33] *In re Standard Metals Corp.*, 817 F.2d 625, 628–29 (10th Cir. 1987) (quoting *Patterson v. C.I.T. Corp.*, 352 F.2d 333, 336 (10th Cir. 1965)).

[34] Docket No. 84, at 12.

[35] Docket No. 74, at 16.

employee of defendant; (2) she was covered under the FLSA; and (3) defendants failed to pay her minimum wage.[36] In their Motion, Defendants assert that (1) Plaintiffs fail to demonstrate that Defendants did not pay them minimum wage and (2) Plaintiffs fail to demonstrate that some of the Plaintiffs fall within the statute of limitations under the FLSA.

The FLSA requires that employers pay employees a minimum age of $7.25 per hour.[37] The Act prohibits "kickbacks" or arrangements in which an employer shifts business expenses to an employee and in doing so reduces the employee's minimum wage to below the statutory minimum.[38]

Defendants argue that to prove breach of the FLSA, "each of the class Plaintiffs must show the exact amount of automobile expense which arose as a result of their employment with Defendants, the amount they were paid, and the difference between the two amounts for each week in which they worked for Defendants."[39] This is a misstatement of Plaintiffs' burden. Many district courts have concluded that FLSA plaintiffs can rely on estimates instead of the actual amounts incurred.[40]

---

[36] 29 U.S.C. § 206(a).

[37] *Id.* § 206(a)(1)(c).

[38] 29 C.F.R. § 531.25 ("[I]f it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act.").

[39] Docket No. 70, at 15.

[40] *See e.g. Benton v. Deli Mgmt., Inc.*, 396 F. Supp. 3d 1261, 1275 (N.D. Ga. 2019) ("leav[ing] to the jury the determination of whether [the defendant's] reimbursement rate reasonably approximated [the p]laintiffs' vehicle expense.") (internal quotation marks omitted); *Perrin v. Papa John's Int'l, Inc.*, 818 F. Supp. 2d 1146, 1149 (E.D. Mo. 2011) ("It is not implausible to suggest that drivers may be able to estimate their expenses without knowing their actual expenses incurred.") (internal quotations omitted); *Wass v. NPC Int'l, Inc.*, No. 09-2254-JWL, 2010 WL 7762621, at *3 (D. Kan. Sept. 1, 2010) ("FLSA plaintiffs could rely on estimates

However, Plaintiffs fail to demonstrate even a reasonably approximate amount of their vehicle expenses to demonstrate that their wages fell below the minimum wage requirement. To support that Plaintiffs have demonstrated their wages fell below minimum wage, they rely primarily on the declarations that the Court has excluded. Plaintiffs seem to concede that the questionnaires are not enough to show their wages fell below minimum wage.[41] After review of the questionnaires, the Court finds that they do not demonstrate sufficient evidence that Plaintiffs were paid below minimum wage in violation of the FLSA.

There are approximately fifteen questionnaires provided by Plaintiffs.[42] Of those questionnaires, eleven provide the number of average miles per delivery[43] and two provide an average of miles per day,[44] the figures provided range from 2 miles per delivery to 30 miles and 80 to 100 miles driven per day. The reimbursement rates also vary between no vehicle reimbursement and $2.50 per delivery. Furthermore, there is evidence that Defendants' reimbursement rate was 60 cents per mile and $1.50 per delivery.[45] Based on the undisputed evidence of average mileage and reimbursement rates, the Court finds no evidence sufficient to support that Plaintiffs were paid a sub-minimum wage, and Plaintiffs do not cite to specific admissible evidence or computations to demonstrate otherwise.

---

instead of actual figures if evidence allowed such a reasonable inference.") (internal quotation marks omitted).

[41] Docket No 74, at 16–17.

[42] Two of the original 17 questionnaires are from Daniel Lee and Stephen Wilson, opt-in Plaintiffs that were later withdrawn. *See* Docket No. 73. Accordingly, the Court will not consider them.

[43] *See* Questionnaires of Colby Boyer, Danny Klein, Catherine Burton, Jobi Dixon, Jonathan Lewis, Jose Hernandez, Margo Howlett, RonDeanna Hardman, Nathan Ridenour, Ashley Martinez, and Charles Klein.

[44] *See* Questionnaires of Scott Kernes and Kel Danny Reynolds.

[45] Docket No. 84, at 141–142.

Plaintiffs argue that the burden is on Defendants who have not disclosed data necessary to calculate damages.[46] The Court does not find this persuasive insofar as it is Plaintiffs who would know how much money they expended and how many miles on average they drove delivering pizzas.[47] Whether Defendants provided certain discovery, does not excuse Plaintiffs from demonstrating approximate vehicle mileage and expenses. Plaintiffs also argue that summary judgment is not proper because Defendants cannot show they kept accurate vehicle records and they reimbursed below the IRS rate.[48] Even so, the Court cannot conclude whether the rate of reimbursement was reasonable without some approximation or evidence of mileage and vehicle costs.

The Court finds that Plaintiffs fail to set forth specific facts that would be admissible from which a rational trier of fact could find in favor of them. Accordingly, the Court will grant the Motion.[49]

---

[46] Docket No. 74, at 13–14.

[47] *See Bailey v. Borders Foods, Inc.*, No. 09-1230 (RHK/AJB), 2009 WL 3248305, at *2 n.3 (D. Minn. Oct. 6, 2009).

[48] *Zellagui v. MCD Pizza, Inc.*, 59 F. Supp. 3d 712, 716 (E.D. Pa. 2014) ("When minimum wage law requires an employer to reimburse an employee for using the employee's vehicle for the employer's benefit, the employer should reimburse the employee at the IRS per mile rate or keep detailed records of the employees' expenses to justify another reimbursement rate."); *Kennedy v. Mountainside Pizza, Inc.*, No. 19-cv-1199-CMA-STV, 2020 WL 5076756, at *6 (D. Colo. Aug. 26, 2020) ("Defendants are permitted to 'reasonably approximate' [a] plaintiff's vehicle-related expenses for reimbursement purposes under the FLSA. . . . The IRS standard may be probative of the reasonableness of [a d]efendant's reimbursement of [a p]laintiff's expenses, but [a d]efendant is not required to reimburse [a p]laintiff at the IRS standard mileage rate.").

[49] Based on the Court's conclusion that there is insufficient evidence to demonstrate a violation of the FLSA, the Court need not address Defendants' statute of limitations argument.

IV. CONCLUSION

It is therefore

ORDERED that Defendants' Motion for Summary Judgment (Docket No. 70) is GRANTED.

DATED September 17, 2025.

BY THE COURT:

_____
TED STEWART
United States District Judge