IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SHANNON GIFFORD, individually and on behalf of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>DR. PIZZA, INC., and DAVID KEARNS,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY'S FEES<br><br>Case 2:22-cv-707-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants Dr. Pizza, Inc., and David Kearns' Motion for Attorney's Fees.[1] For the reasons discussed herein, the Court will deny the Motion.

## I. BACKGROUND

In November 2022, Plaintiff Shannon Gifford filed suit against Defendants on behalf of herself and similarly situated pizza delivery drivers, alleging violations of the Fair Labor Standards Act.[2] During discovery, the parties agreed to provide a questionnaire to Plaintiffs regarding the vehicle expenses they incurred while delivering pizzas for Defendants. On February 24, 2025, following close of discovery, Defendants filed a motion for summary judgment seeking dismissal of all claims.[3] In Plaintiffs' response to the summary judgment motion, they attached the questionnaires of three individuals that had not previously been produced to Defendants.[4] Defendants sought exclusion of the questionaries under Federal Rule of Civil Procedure 37(c).[5]

[1] Docket No. 87.

[2] Docket No. 1.

[3] Docket No. 70.

[4] *See* Docket Nos. 75-2, 75-3, and 75-4.

[5] Docket No. 84.

In ruling on the motion for summary judgment, the Court excluded the questionnaires finding that the delay in producing them was willful, and not substantially justified or harmless.[6] The Court subsequently granted Defendants' motion and entered judgment in Defendants' favor, finding that Plaintiffs had failed to support "even a reasonably approximate amount of their vehicle expenses to demonstrate that their wages fell below the minimum wage."[7] In so finding, the Court noted that Plaintiffs primarily relied on the excluded questionnaires to establish the underpayment.

Thereafter, Defendants filed the instant Motion seeking to recover $29,151.00 in attorneys' fees, which Defendants allege represents the amount they incurred by "pursuing this action since October 1, 2024, the date Plaintiffs should have initially disclosed the [questionnaires], through the present time."[8]

## II. DISCUSSION

Defendants argue that attorneys' fees are appropriate under both Federal Rule of Civil Procedure 37 and the Court's inherent authority to award attorneys' fees for bad faith or wanton conduct. Under Rule 37:

> If a party fails to provide information . . . as required . . . the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard . . . may order payment of the reasonable expenses, including attorney's fees, *caused by* the failure.[9]

Defendants seek to convince the Court that *all* the fees it incurred in litigating this matter since October 1, 2024, including briefing the summary judgment motion, were "caused by"

---

[6] Docket No. 85, at 7.

[7] *Id.* at 9.

[8] Docket No. 87, at 3.

[9] Fed. R. Civ. P. 37(c)(1)(A) (emphasis added).

Plaintiffs failure to timely disclose the questionnaires. In support, Defendants assert that Plaintiffs' failure to timely disclose the questionnaires: "necessitated more than the cost of additional briefing;" "impacted" or "tainted" their litigation strategy; "strained [their] resources;" caused "surplus motion practice;" and unnecessarily extended discovery.[10] Defendants further conclusively assert that "[b]ut for Plaintiffs' failure," "the case would have been resolved sooner," and "Defendants would have saved substantial sums in attorneys fees."[11] "Thus," Defendants conclude, "there is a direct causal chain between Plaintiffs' failure to disclose critical supporting evidence and fees incurred by Defendants."[12]

While Defendants' assertion that their litigation strategy was impacted by the non-disclosure is certainly plausible, Defendants have not explained how such impact resulted in additional fees. Nor have they provided an explanation as to how or why timely disclosure would have resulted in less discovery, earlier resolution, fewer motions, and, ultimately, a lower amount of attorneys' fees.

While Defendants note that discovery was extended numerous times, they do not tie this to Plaintiffs' failure to timely disclose the questionnaires. In fact, the assertion that timely disclosure would have resulted in fewer discovery hours is directly contradicted by Defendants' own arguments. In seeking to exclude the questionnaires from consideration, Defendants represented that the untimely disclosure was prejudicial because it deprived them of the opportunity to depose those plaintiffs and "evaluate the factual underpinnings through expert

---

[10] Docket No. 87, at 5, 6; Docket No. 92, at 7.

[11] Docket No. 87, at 6; Docket No. 92, at 7.

[12] Docket No. 87, at 6.

rebuttal or targeted discovery."[13] Therefore, Defendants own representations support that timely disclosure would have lengthened discovery.

Regarding the alleged "surplus" motions, the only substantive motion Defendant filed after October 1, 2024, was the motion for summary judgment that ultimately resulted in dismissal in their favor. To the extent Defendants' motion requesting to file an overlength reply[14] and the portions of the reply brief requesting exclusion[15] are attributable to Plaintiffs' untimely disclosure, such certainly would not support a $29,151.00 fee award. The Court is not inclined to parse through the affidavit to determine which fees are associated with the reply briefing because Defendants have not expressly raised this argument or asserted a method by which the Court could determine which hours are causally linked to the tardiness of the disclosure, as opposed to the disclosure itself.[16] Further, as discussed below, even if they had done so, the Court would not impose additional sanctions where the sanction already imposed was significant.[17]

Even if Defendants had successfully connected some additional fees to Plaintiffs' failure to timely disclose the questionnaires, the assertion that all the fees incurred after October 1 are attributable to Plaintiffs is wholly unreasonable. Defendants would apparently have the Court believe that, upon disclosure of three questionnaires that strengthened Plaintiffs' case, the case would have, somehow, immediately terminated without further involvement from counsel or

---

[13] Docket No. 84, at 10.

[14] Docket No. 78.

[15] Docket No. 84.

[16] Time spent addressing the substance of the questionnaires would have been necessary regardless of when they were disclosed.

[17] *See HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1206 (10th Cir. 2017) ("[W]here the exclusion of evidence under Rule 37(c)(1) has the necessary effect of a dismissal, district courts should, in conjunction with the traditional *Woodworker's* inquiry, carefully explore and consider the efficacy of less drastic alternatives, ordinarily reserving the extreme sanction of dismissal for cases involving bad faith or willfulness . . . .").

significant cost to Defendants. After close of discovery, Defendants filed a single substantive motion and supporting reply, which successfully achieved dismissal. Defendants fail to provide any explanation as to how or why the motion would have been unnecessary if the disclosure had been timely, or how the case could have otherwise resolved with fewer billable hours, let alone none, after October 1, 2024. If anything, it appears the late disclosure was a benefit to Defendants.

Defendants' second basis for an award of attorneys' fees[18] fares no better because, as acknowledged by Defendants, fee-shifting under the Court's inherent authority to sanction bad faith conduct also requires a causal connection.[19] Defendants cite to cases wherein courts have awarded all attorneys' fees associated with a case after drawing the requisite causal connection to the bad faith conduct. No such connection has been drawn here. More importantly, while the Court found Plaintiffs' untimely disclosure to be "willful," the Court made no finding that Plaintiffs acted in bad faith. Defendants' conclusory assertions that Plaintiffs pursued their "baseless" claims in "bad faith" or with "improper motive,"[20] do not provide a basis on which the Court would now make such a finding.

In sum, Defendants causation assertions in support of attorneys' fees are unsupported and, in some cases, plainly contradicted by the record. However, even if some causal chain had been established, the Court would not be inclined to further sanction Plaintiffs. As detailed in the summary judgment order, after carefully weighing each of the relevant factors, the Court found

---

[18] *See Xyngular v. Schenkel*, 890 F.3d 868, 873 (10th Cir. 2018) ("[A] court may exercise its inherent powers to sanction bad-faith conduct that abuses the judicial process.").

[19] *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 103–04 (2017) ("[A]n order [imposing attorneys' fees as a sanction for bad-faith conduct] is limited to the fees the innocent party incurred solely because of the misconduct—or put another way, to the fees that party would not have incurred but for the bad faith.").

[20] Docket No. 87, at 6; Docket No. 94, at 7.

that Plaintiffs' willful and unexplained failure to timely disclose the questionnaires justified the harsh sanction of exclusion.[21] The case was subsequently dismissed—the worst outcome for Plaintiffs. Defendants have not shown that imposing the requested monetary sanctions is necessary to deter wrongful conduct on the part of Plaintiffs or their attorneys.[22] The Court otherwise finds that imposition of additional sanctions under the circumstances would be unnecessary and unjust. The Court denies the Motion.

## III. CONCLUSION

It is therefore

ORDERED that Defendants' Motion for Attorneys' Fees (Docket No. 87) is DENIED.

DATED this 28th day of September, 2026.

BY THE COURT:

Ted Stewart
United States District Judge

[21] Docket No. 85, at 5–7 (analyzing factors provided in *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

[22] *See King v. Fleming*, 899 F.3d 1140, 1156 (10th Cir. 2018) ("The primary purpose of sanctions is to deter attorney and litigant misconduct, not to compensate the opposing party for its costs in defending a frivolous suit. Therefore, otherwise 'reasonable' fees are excessive if they are greater than that amount reasonably necessary to deter the wrongdoer.") (internal quotation marks and citation omitted).